[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S OBJECTIONS TO FINDINGS OF FACT
Pursuant to Connecticut Practice Book § 23-57, the defendant objects to the findings of fact and proposed damages submitted by the fact-finder in this matter. This action arises out of a $20,000 promissory note executed by the defendant who has failed to make payment.
The matter was referred to a fact-finder pursuant to Connecticut Practice Book § 23-53. After a contested hearing, the fact-finder rendered a proposed decision, finding that the defendant defaulted on his obligation under the note and recommending that judgement enter in favor of the plaintiff in the amount of $20,000. In finding of fact #11, the fact-finder determined that the promissory note and underlying obligation arose out of a mix of corporate and personal obligations.
Pursuant to Connecticut Practice Book § 23-57, the defendant has filed an objection to the fact-finder's recommendations. In support of his claim that the findings of fact and proposed damages should be CT Page 5929 rejected by the court, the defendant argues that the promissory note is not supported by adequate consideration and that the defendant cannot be held personally liable for corporate obligations incurred by the defendant as president and share holder of one of the businesses in question.
While it is true that the evidence on these issues was in conflict, it is the fact-finder's obligation to evaluate and assess the credibility of the witnesses and make factual determinations based on his assessment of the reliability of the witnesses. In this matter, conflicting evidence was presented with respect to the question of whether the promissory note was supported by adequate consideration. While this is ultimately a legal question, the conclusion of the fact-finder is based on his assessment of whether to credit the plaintiff's or defendant's rendition of the events giving rise to this case. The fact-finder was presented with evidence indicating that the promissory note was executed in the amount of $20,000 in connection with the resolution of the parties' disputes concerning a variety of transactions, including, but not limited to, the transfer of real property in partial satisfaction of what the defendant described as plaintiff's obligation substantially in excess of the $20,000 amount of the note. (Transcript, Nov. 19, 1999, pp. 34-36.)
The fact-finder is vested with substantial discretion in evaluating the credibility of witnesses and making factual determinations based on that evaluation. Based on the court's review of the transcript, it concludes that there is no basis for rejecting the fact-finders conclusions concerning the adequacy of the consideration supporting the defendant's execution of the promissory note.
Likewise, the defendant challenges the fact-finder's proposed finding that the defendant's obligations represent a joint personal and corporate obligation. While the evidence on this issue was also in conflict, the fact-finder is vested with the discretion to assess, evaluate and credit the testimony of the witnesses. A finder of fact could reasonably conclude that the distinction between the defendant's corporate and personal responsibilities having been blurred, and the defendant having failed to correct the confusion that he himself in part created, he is now estopped from asserting that he incurred the obligation solely in his corporate capacity.
Accordingly, for the foregoing reasons, pursuant to Connecticut Practice Book § 23-58(a)(1) judgment is rendered for the plaintiff in accordance with the findings of fact in the amount of $20,000 plus costs. CT Page 5930
SO ORDERED.
ROBERT L. HOLZBERG, J.